IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EQT CORPORATION,

    Plaintiff,

v.                                            Civil Action No. 1:11CV197
                                                                (STAMP)

BRENDA A. MILLER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
OVERRULING DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S BILL OF COSTS AND
AWARDING PLAINTIFF COSTS AS SOUGHT**

I.  Background

    This Court previously granted in part and denied in part the plaintiff's motion for judgment on the pleadings. The plaintiff then filed, pursuant to Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920, a bill of costs, asking this Court to award it certain itemized litigation costs. The bill of costs requested that costs and fees be taxed to the defendant for the $350.00 fee of the clerk for filing this case, $96.25 for costs associated with making copies of materials necessarily obtained for use in this case, $5.00 for docket fees under 28 U.S.C. § 1923, $9.13 in postage costs,[1] and $484.95 for fees regarding service of summons

---

[1] The plaintiff has now withdrawn its request for postage costs.

in this case.  The total amount of costs requested is $936.20.[2]  Following the plaintiff's timely filing of this bill of costs, the defendant filed a motion for review and objections thereto.  The plaintiff then responded in opposition to the defendant's objections.  Based upon the following, this Court will overrule the defendant's objections to the bill of costs and will award the plaintiff costs as requested.

## II.  Applicable Law

Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920, all provide that this Court may award certain fees and costs to the prevailing party in a civil action if a bill of such fees and costs is properly filed in the case.  Pursuant to Federal Rule of Civil Procedure 54(d), the determination of whether to award costs to the prevailing party in an action is within the sound discretion of the district court, and courts must assess the reasonableness of the costs requested with careful scrutiny.  Id. at *6.  However, the language of Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party," and costs should only be denied for "good reason."  Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

---

[2]This total reflects the subtraction of $9.13 in postage and mailing costs.

Nonetheless, 28 U.S.C. § 1920 designates the specific types of fees recoverable. These fees are as follows:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)  Docket fees under section 1923 of this title;
>
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While the discretion of whether to award costs to a prevailing party rests with the district court, the court can only award costs which are specifically allowable by 28 U.S.C. § 1920. Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2001 (2012) ("We have held that '§ 1920 defines the term 'costs' as used in Rule 54(d).' In so doing, we rejected the view that 'the discretion granted by Rule 54(d) is a separate source of power to tax as costs expenses not enumerated in § 1920.'" (quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987))).

III.  Discussion

The defendant raises two objections to the plaintiff's bill of costs.[3]  First, the defendant argues that the plaintiff should not be awarded costs in this case because this Court denied in part the plaintiff's motion for judgment on the pleadings, thus limiting the value of the plaintiff's victory.  Second, the defendant takes issue with the plaintiff's inclusion of $484.95 for service of process fees because the fees were incurred through the use of a private process server rather than a marshal.  This Court must overrule each of these objections, and will address them in turn.

Initially, this Court does not believe that the plaintiff's victory in this case was of such limited value that costs should not be awarded.  This Court agrees that the determination of whether or not to award costs to a prevailing party is well within the sound discretion of this Court.  Further, the United States Court of Appeals for the Fourth Circuit has found that costs can be denied based upon a finding that the prevailing party's victory was of "limited value."  Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999).  However, in this case, while the plaintiff's victory may have been somewhat limited by this Court's determination that it lacked jurisdiction to consider a portion of

---

[3]The defendant had originally objected to the plaintiff's inclusion of postage costs in its bill of costs, but as indicated above, the plaintiff has voluntarily withdrawn its request for postage costs.

the plaintiff's motion for judgment on the pleadings, this Court believes that any limitation as a result of this conclusion was not substantial.

This Court did not reject the merits of the plaintiff's arguments on any of its claims. Rather, it simply concluded that this Court lacked jurisdiction to entertain a number of arguments and issues, which were better suited for determination by a state court in another matter which was pending at the time of this Court's memorandum opinion and order. The plaintiff remains free to raise these claims in that court or any court, and this Court did not preclude any finding in the plaintiff's favor on any of these matters in the future. Further, this Court notes that Federal Rule of Civil Procedure 54 creates a strong presumption in favor of awarding costs to a prevailing party, and as such, this Court finds within its discretion that it is appropriate to award costs to the plaintiff in this case.

Neither can this Court conclude that the plaintiff cannot be awarded its costs for service simply because service was completed using a private process server rather than a marshal. In arguing that the plaintiff's service fees should not be assessed against her, the defendant takes a strict reading of 28 U.S.C. § 1920, and asserts that, because the only costs included in § 1920(1) are those of the "clerk and marshal," fees of private process servers cannot be assessed. The defendant cites an opinion by another

court in this district, Ramonas v. West Virginia Univ. Hosp.-East, Inc., No. 3:08cv136, 2010 U.S. Dist. LEXIS 85537 (N.D. W. Va. Aug. 19, 2010), in support of this interpretation.  In that case, John Preston Bailey, Chief United States District Judge, determined that, because § 1920(1) only provides for fees of the clerk and marshal, "[s]ervice of process by private process servers is not taxable."  Id. at *50.  However, after review of the statute and the case law available on this subject, this Court must reach the opposite conclusion.

The Fourth Circuit has not spoken on whether private process server fees are taxable.  However, of the courts that have considered the issue, a majority have determined that such fees are taxable under § 1920(1).  See Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175 (9th Cir. 1990); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545 (S.D. Fla. 1991), aff'd, 961 F.2d 174 (11th Cir. 1992); Card v. State Farm Fire & Casualty Co., 126 F.R.D. 658, 662 (N.D. Miss. 1989), aff'd w/o opinion, 902 F.2d 957 (5th Cir. 1990); Roberts v. Homelite Div. of Textron, Inc., 117 F.R.D. 637, 641 (N.D. Ind. 1987); In re Howard, 1991 Bankr. LEXIS 695, *6 (Bankr. D. Md. May 2, 1991); Cross v. Gen. Motors Corp., 563 F. Supp. 368, 370 (U.S. Dist. Mo. 1982).  The minority position, which has determined that private process server fees are not taxable, centers on a finding that the "plain language" of § 1920 does not provide for private process server fees.  United

States ex. rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153 (2d Cir. 1996); Crues v. K.F.C. Corp., 768 F.2d 230, 234 (8th Cir. 1985).  After review, this Court must side with the majority.

This Court finds that the reasoning of the United States Court of Appeals for the Ninth Circuit in Alflex Corp., 914 F.2d 175, to be most persuasive.  In that case, the Ninth Circuit found that, because marshal's fees include the fees for service of process, "in making Marshal's fees taxable as costs in section 1920(1), we believe that Congress exhibited an intent to make service of process a taxable item."  Id. at 178.  Further, in line with this conclusion regarding the intent of Congress, the court found that, because "[t]he U.S. Marshal no longer has that responsibility [of service of process] in most cases, but rather a private party must be employed as process server, . . . the cost of private process servers should be taxable under 28 U.S.C. § 1920(1)."  Id.  This Court agrees.  The reality of current civil litigation is that, largely, private process servers must be employed in order to effectuate service, and United States Marshals are rarely used for this purpose.  Accordingly, in line with the general purpose of Congress in making marshals' fees for service of process taxable, this Court finds that reason mandates that private process fees must also be taxable.  See also Roberts, 117 F.R.D. at 641 ("Since the enactment of § 1920(1), the method of serving civil summonses

7

and subpoenas has been changed . . . . Due to the substitution of private process servers for the U.S. Marshal Service in recent years, it is appropriate to allow private process fees as costs."). Accordingly, this Court must overrule the defendant's objection to the plaintiff's request for the fees of a private process server in its bill of costs, and award the plaintiff this fee as requested.

## IV.  Conclusion

For the reasons stated above, the defendant's objections to the plaintiff's bill of costs are OVERRULED.  Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule of Civil Procedure 54.01, and Title 28, United States Code, Section 1920, the plaintiff is hereby awarded all costs requested in its bill of costs (ECF No. 38), less the voluntarily withdrawn $9.13 for postage and mailing, in the total amount of $936.20.  The Clerk is DIRECTED to enter an amended judgment order in this civil action which reflects this award.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 14, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE